WILLIAM L. STAPLER, plaintiff in error, *vs.* JOSEPH F. BURNS, defendant in error.

Under section 3755 of the Code blank indorsements of negotiable paper may always be explained between the parties themselves, and when taken with notice of dishonor, or of the actual facts of such indorsement; and where one indorsed a note payable to his order, with the distinct agreement that he did so only to pass the title, and that he was to be under no liability as indorser, and the plaintiff in the suit took the paper with full notice of the facts:

*Held*, That the Court erred in sustaining a demurrer to a plea fully setting up this defense by the indorser.

Parol evidence. Indorsers. Before Judge JOHNSON. Muscogee Superior Court. November Term, 1870.

Burns averred that Stapler owed him $1,603 and interest, because on the 11th of May, 1866, A. Gammell gave Stapler his promissory note, whereby he promised to pay said sum to the order of Stapler one day after date, and then and there Stapler indorsed said note and delivered it to Burns.

Stapler pleaded that said note was made by Gammell payable to Stapler's order, and Stapler, for accommodation and without any consideration, transferred the note to one Markham, and indorsed the same for negotiability alone, with the understanding and agreement with Markham that Stapler was not to be liable on said indorsement, and Markham transferred said note to Burns by delivery. At the time of this last transfer Markham and Stapler told Burns that said indorsement of Stapler was made merely to make said note negotiable, and that Stapler was not to be in any way liable as indorser on said indorsement, and Burns took said note with the understanding and agreement that Stapler was not to be bound by said indorsement.

This plea was demurred to, and the demurrer was sustained. That is assigned as error.

BLANDFORD & THORNTON, for plaintiff in error.

No appearance for defendant.

McCay, Judge.

We can only suppose this demurrer was sustained in the haste of pressing business on the Circuit.

The Code, section 3755, is plain and emphatic, and however questionable may be the policy of it, and however the rule of the common law may be, the will of the law-making power of this State must be the rule of action for us.

Judgment reversed.